Spear, J.
As against the action of commissioners and the judgment of the circuit court approving it, the contention of the relator is, in substance, that the award thus made results in giving the printing to bidders who are not the lowest responsible bidders, and hence is in violation of the *84 spirit of the statute, if not its letter, and of section 2 of article 15 of the constitution, which provides that “the printing shall be let on contract to the lowest responsible bidder, by such executive officers, and in such manner as shall be prescribed by law. ’ ’
Section 319 of the Revised Statutes (91 Ohio Laws, 400), provides that “printing for the state shall be divided into seven classes, to be let in separate contracts, as follows: The printing of all' bills for the two branches of the general assembly, together with such resolutions and other matters as are ordered by the two branches, or either of them, to be printed in bill form, shall constitute the first class, and shall be let in one contract; the printing of the journals of the senate and house of representatives, and of such reports, communications and other documents as enter into and make a part of. the journals, shall constitute the second class, and shall be let in one contract; the printing.of all reports and all communications and other documents ordered by the general assembly or either branch thereof, or by the executive departments, to be printed in pamphlet form, excepting the bulletins of the Ohio agricultural experiment station, shall constitute the third class and shall be let in one contract; the printing of the general and local laws and joint resolutions, shall constitute the fourth class, and shall be let in one contract; the printing of all blanks, circulars and other work necessary for the use of the executive departments, other than such as shall be printed in pamphlet form, shall constitute the fifth class, and shall be let in one contract; the bulletins of the Ohio agricultural experiment station shall constitute the sixth class, and shall *85 be let in one contract. The report of the secretary of state, auditor of state, commissioner of common schools, commissioner of labor statistics, superintendent of insurance, the report ‘of the state board of agriculture, and such other reports of executive officers as are required by law to be bound in either cloth or half-law binding, except the laws and joint'resolutions and journals of the house and senate, shall constitute the seventh class, and may be let in one or more contracts, as in the discretion of the commissioners of public printing the interests of the state may require.”
Section 320 makes it the duty of the commissioners to give notice, by publication of the time and place for receiving sealed proposals “for executing1 the several classes of the public printing in separate contracts. ” The following section makes it their duty to “award the contract for each class of the printing t.o the lowest responsible bidder. ’ ’ It- further provides that nothing herein contained shall be construed so as to prevent the same person from becoming contractor for two or more classes of the printing if he shall be the lowest bidder therefor; and further, that “no class, or part of a class, shall in any case be awarded otherwise than to the lowest and best bidders therefor.” “All printing appertaining to the first and fifth classes must be executed at the city of Columbus. ” Section 63, Revised Statutes, directs that “the report of the secretary' of state, of the commissioner of labor statistics, of the inspector of shops and factories, and the state board of agriculture, shall also be printed in the German language. ”
■ Enough of the statute has been quoted, we think, to make its intent clear,- and to make the *86 duty of the commissioners under the facts shown, reasonably plain. The purpose, as we g-ather it, is to cause the commissioners to call for bids for the several divisions of the work as separate propositions, and not to call for bids for all the work in a lump. And when the propositions are in, the duty follows to award the separate contracts, as such, to the lowest responsible bidder or bidders therefor,, the statute in all other respects having been complied with. The expressions indicating this purpose are so many that to give them here would be to repeat substantially all the clauses already quoted, and those given are, to our mind, as distinct and unmistakable as language can well make them. Nor is any other part of the statute inconsistent with the portions herein copied. The effect of it is to require that the different classes shall be let as different contracts, whether to as many bidders as there are classes, or more than one to any one bidder, providing he is as to each the lowest responsible bidder, save that, as to the seventh class, the commissioners shall have discretion to let the same in one or more contracts. And this duty that body performed. It does not appear to us that the commissioners departed from the law, or abused the discretion devolved upon them by its provisions. The -conditional bids of ’ the relator sought to attach limitations to the action of the commissioners which left no alternative but a rejection, providing the law does not permit, as we think it does not, consideration of a lumping bid.
It is, however, objected that the construction given the statute by the commissioners renders the act void because it violates section 2 of article 15 of the Constitution. In considering this objec *87 tion, it must be borne in mind that the section quoted should be read with reference to the establishing of a system for letting the public printing from year to year. That system, must be judged, not by its effect upon one contract only, or necessarily the contracts of one year, but by its effect upon continued lettings, taking one year with another. Apparently one of the ultimate purposes of the act is to counteract combinations formed to forestall competition; to prevent powerful establishments, those possessed of capital and force sufficient to do the whole work, from monopolizing it and thus in time destroy competition by freezing out the smaller concerns. Whether this policy is for the best good of the state or not, or whether the means adopted is likely to accomplish the object aimed at, we are not concerned to inquire. It is enough to know that the province of determining those questions rests with the law-making-power. The mere fact that the statute confides discretion to the commissioners, cannot be held to be fatal to it, for the language of section 2, “in such manner as shall be provided by law,” implies the exercise of discretion in the manner of making and receiving bids. Nor do we think that the spirit of section 2 forbids the legislation. At least it is not clear that it does. We cannot say that the scheme adopted will not, taking one year with another, result in the work being done by the lowest responsible bidder.

Judgment affirmed.